UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Feng Bing Chen
Petitioner          Pro-se
A# 39-002-459

v.

John Ashcroft, Att'y Gen.
_____, Immigration and Naturalization Service; Steven Farqaharson Boston District Director of INS

Respondent(S)

RECEIPT # 52180
AMOUNT $ 5.00
SUMMONS ISS._____
LOCAL RULE 4.1_____
WAIVER OF SERV._____
MCF ISSUED_____
BY MTF 120 OR 121_____
BY DPTY CLK_____
DATE 12/4/03

Civil Action
No. 03-12444-RGS

Referred to MJ LPC

PETITION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 u.s.c. § 2241

Petitioner, Feng Bing Chen, hereby petitions this Court for a Writ of Habeas Corpus to remedy Petitioner's unlawful detention by Respondent(s). In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

CUSTODY

1. Petitioner is in the physical custody of Respondents and Immigration and Naturalization Service ("INS"). Petitioner is detained at the Bristol County House of Correction in No. Dartmouth, Massachusetts. The "INS" has contracted with Bristol County Sheriff's Office to house immigration detainees such as Petitioner. Petitioner is under the direct control of Respondents and there agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 **et seq.**, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 **et seq.**

3. This Court has jurisdiction under 28 U.S.C. § 2241; Art.1, Sec.9, Cl.2 of the UNited States Constitution ("Suspension Clause"); and 28 U.S.C. § 2231, as Petitioner is presently in Custody under color of the authority of the United States, and such custody is in violation of the Constitutional laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241; 5 U.S.C. § 702; and the All Great Writs Act, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to **Braden v. 30th Judicial Circuit Court of Kentucky**, 410 U.S. 484-493-500 (1979), venue lies in the United States District Court Of Boston, District of Massachusetts, the judicial district in which petitioner resides.

6. Petitioner is a native and citizen of China. Petitioner was fist taken into "INS" Custody around 1992. Petitioner has not remained in "INS" custody since that time. He was placed on a $10,000. bond. The Board of Immigration Appeals ("BIA"), affirmed the Immigration Judge's final order of 1993, on November,1995. However, Petitioner was never removed from the United States. Now at present, he is once again put back into "INS" custody on May 14th, 2003.

7.  Respondent **John Ashcroft**, is the Attorney General of the Unted States and is responsible for the administration of the "INS" and the implementation and enforcement of the Immigration Nationality Act ("INA"). As such Mr. Ashcroft has ulti-mate custodial authority over petitioner.

8.  Respondent **Steven Farquharson** is the District Director of the Boston District Office of the "INS" and is petitioner's immediate custodian. **See Vasquez v. Reno, 233 F. 3d 688, 690 (1st Cir. 2000), cert. denied, 122 S. Ct.43 (2001).**

### FACTUAL ALLEGATION

9.  Petitioner is a native and citizen of China. He lawfully entered the United States as a legal permanent resident in 1984, when he was 23 years old. Petitioner immigrated with his Father, Mother, Grandparents and two (2) brothers to the United States. from 1984, to present, petitioner has re-visited China Four (4) times and has continuously resided in the Commonwealth of Massachusetts, with his family, along with his new wife and two(2) children, whom are also United States citizens. Other than, Petitioner has no substantial absence from the United States, since he immigrated.

10. To date, however, the "INS" has been unable to remove petitioner to China. The chinese government has declined to issue a travel document, and the Chinese government will not accept him for repatriation. Petitioner cannot control the reasons why the Chinese government uses to justify their actions. **All** that Petitioner kwows is that they don't want to accept Petitioner back, the fact that I wish to contest. The legality of my deportation or detention is not relevant to the Chinese government. From where Petitioner sits, the only revelant point is that China will not accept him back. It is irrevelant whether their reasons are well founded or

not. The "INS" has been **unable** to get the Chinese government to accept him **after eight(8) years**. It is unlikly that I will be deported and I must be released.

## STATUTORY VIOLATION

11. Petitioner's continued detention by Respondent's is unlawful and contravenes **8 U.S.C. § 1231(a)(6)**, as interpreted by the Supreme Court in **Zadvydas**. The six(6)-months presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed, and, now can not, and Petitioner continues to languish in detention.

    Petitioner's removal to China or any other country is not significantly likely to occur in the reasonable foreseeable future. The Supreme Court held in **Zadvydas** that the "INS" continued detention of someone like Petitioner under such circumstances is unlawful.

12. **Zadvydas v. Davis**, 533 U.S. 678(2001), the Supreme Court Recognized six(6)-months, as only a presumptively reasonable period of detention in which to allow the government to complete an alien's removal and established that amount of time **"for the sake of uniform administration in the Federal Court Id. at 701"**. The Court went on to hold that:

    "After the six-months period, once the alien provides good reason to believe that there is no significant likilihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future", conversely would have to shrink

    Under **Zadvydas**, a habeas petition must not only "show post-removal order detention in acess of six (6)-months, but also must provide evidence of a good reason to believe that there

-4-

is no significant likilihood of removal in the reasonably foreseeable future". **Id.** If the Petitioner meets his burden to "provide good reason to believe that there is no significant likilihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." **Zadvydas**, 533 U.S. at 701. <u>See Letter from China Embassy.</u>

### SUBSTANTIVE DUE PROCESS VIOLATION

13. Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint.

14. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While respondent would have an interest in detaining Petitioner in order to effectuate his removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonably foreseeable future. **Zadvydas**, recognized that the "INS" may continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which "INS" may detain an alien is only six(6)-months. Petitioner has already been detained in excess of six(6)-months and Petitioner's removal is not significantly likily to occur in the reasonably foreseeable future.

### PROCEDURAL DUE PROCESS VIOLATION

15. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that s/he should not be detained. Petitioner in this case has been denied that opportunity! The "INS" does not make decisions concerning alien' custody in a neutral

and impartial manner. The failure to Respondent's to provide a neutral decisionmaker to review the continued custody of Petitioner, violates Petitioner's right to procedural due process. Further, Respondents have failed to acknowledge or act upon the Petitioner's administrative request for release in a timely manner. There is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates **Zadvydas**.

### PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays that this Court grant the following relief:

1)  Assume jurisdiction over this matter;

2)  Grant petitioner a Writ of Habeas Corpus directing the Respondents to immediately release petitioner from custody;

3)  Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4)  Enter injunctive relief against Respondents to return Petitioner's $10,000.00 Bond; and,

5)  Grant any other and further relief that this Court deem just and proper.

**I affirm, under penalty of perjury, that the foregoing is true and correct.**

Dated: November 14, 2003.                    Respectfully submitted,

_____

*[signature]*

---

Bing Feng Chen   (pro-se)
Id# 125402       (GB #18)
Bristol County H.O.C.
400 Faunce Corner Rd.
No. Dartmouth, Ma. 02747

## CERTIFICATE OF SERVICE

I, Bing Feng Chen, herby swear that I have caused to be served by hand delivery a copy of the enclosed "Petition for a Writ of Habeas Corpus", upon the United States Attorney's Office at U.S. Courthouse, Suite 9200; 1 Courthouse Way, Boston, Massachusetts 02210, on this **14th** day of November, 2003.

*[signature]*

*[signature: Manuel Tavares]*

Manuel Tavares
Notary Public
My Commission Expires
May 1, 2009

-7-