UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BING FENG CHEN, )
)
      Petitioner )
) Civil Action No.
    v. ) 03cv12444-GAO
)
JOHN ASHCROFT )
)
)
      Respondent )

### RESPONDENT'S RETURN AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Respondent[1] moves to dismiss this case because although petitioner has challenged his continuing detention by respondent, he has now been released from respondent's custody, on December 11, 2003. See Attachment A.

Accordingly, since the relief sought by petitioner has now been granted by respondent, the case should be dismissed as moot.

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Most of the interior enforcement functions of the former INS were transferred to the Department of Homeland Security ("DHS"), Directorate of Border and Transportation Security, Bureau of Immigration and Customs Enforcement. These changes were effective March 1, 2003. The responsive successor official of the Department of Homeland Security in the instant action is Interim Field Office Director Bruce Chadbourne for the Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

ARGUMENT

I.  PETITIONER HAS BEEN RELEASED FROM RESPONDENT'S CUSTODY AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, S. 2 et seq.; see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).

Because the result sought in the petition -- release from the custody of the Department of Homeland Security -- has now been effected by petitioner's release from custody on December 11, 2003, there is no live case or controversy and accordingly

the petition should be dismissed as moot.

II. PETITIONER'S 1997 BOND WAS BREACHED FOR FAILURE TO APPEAR BEFORE INS AD DIRECTED.

Petitioner, in passing, requests from the Court an injunction for return of a $10,000 bond posted on his behalf in 1997. However, that bond was breached in 1997 for failure to present petitioner at the time and place demanded by the former Immigration and Naturalization Service, and, at any rate, petitioner was not even the obligor on the bond. See Attachment B; see generally 8 C.F.R. § 103.6(e) (a final determination that a bond has been breached creates a claim in favor of the United States). Nor does petitioner state any claim in dispute of the bond breach, inasmuch as he simply asks without elaboration for the Court to order "Respondents to return Petitioner's $10,000 Bond". Petition at p.6.

Also, because the 1997 bond breach was never appealed administratively, administrative remedies were not exhausted, even assuming arguendo a claimant other than the obligor could otherwise assert a claim. Accordingly, any constructive claim for return of the bond amount fails for lack of standing, for failure to exhaust administrative remedies, and for failure to state a claim upon which relief may be granted.

## CONCLUSION

Because there is no present case or controversy, this action should be dismissed for mootness.

3

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:     _____
          FRANK CROWLEY
          Special Assistant U.S. Attorney
          Department of Homeland Security
          P.O. Box 8728
          J.F.K. Station
          Boston, MA 02114
          (617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on December 18, 2003, at his most recently indicated address:

c/o Ann Chen
494/496 Pleasant Street
Malden, MA  02148

FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114